IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN YOUNG, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 07-04840 |
| v. | : | |
| C/O SLATOWSKI, et al., | : | |
| Defendants. | : | |

## OPINION

**Slomsky, J.**                                                                                      **March 22, 2011**

## I.    INTRODUCTION

On February 22, 2011, Plaintiff Kevin Young filed a Third Amended Complaint against Keith Slatowski (in his individual capacity), Joseph O'Malley (in his individual capacity), and Nurse Marjorie Lengel (in her individual capacity), alleging a violation of his Eighth Amendment rights pursuant to 28 U.S.C. § 1983 (Doc. No. 102).[1]  Before the Court is Defendant Nurse Marjorie Lengel's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. No. 104), which incorporates arguments made in Defendant Nurse Lengel's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 90).  For reasons that follow, the Court will grant Defendant Lengel's Motion to Dismiss Plaintiff's Third Amended Complaint and she will be dismissed as a defendant in this case.

---

[1] The caption on Plaintiff's Third Amended Complaint does not reflect that the claims are brought against Defendants in their individual capacity only.  The caption also includes the County of Montgomery as a defendant.  In light of the Order of the Court dated February 17, 2011, dismissing claims against the County and Defendants Slatowski and O'Malley in their official capacity, the caption should be changed to reflect that Defendants are sued in their individual capacity only.  (See Doc. No. 101.)

1

## II. SUMMARY OF PROCEDURAL HISTORY

On October 19, 2009, appointed counsel entered an appearance on behalf of Plaintiff, who had been proceeding *pro se* in this matter for approximately two years. Thereafter, Plaintiff was granted leave to file an Amended Complaint and filed the new Complaint on March 10, 2010 (Doc. No. 76). The Complaint alleged violations of Plaintiff's Eighth Amendment rights against the County of Montgomery Correctional Facility and Defendants Nurse Lengel, Officer Keith Slatowski, and Officer Kevin O'Malley, each in his or her individual and official capacity. (Id.) Plaintiff was then granted leave to file a Second Amended Complaint, and that Complaint was filed on August 5, 2010, against the County of Montgomery and Defendants Lengel, Officer Keith Slatowski, and Officer Kevin O'Malley, each in his or her individual and official capacity (Doc. No. 88).

On August 23, 2010, the County of Montgomery moved to dismiss the Complaint in its entirety and Defendants Slatowski and O'Malley moved to dismiss the Complaint against them in their official capacity. (Doc. No. 89.) On August 23, 2010, Defendant Lengel also filed a Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 90). On October 22, 2010, Plaintiff filed a Response in Opposition to both Motions to Dismiss (Doc. No. 95), in which Plaintiff stated that he was no longer pursuing the claim against the County of Montgomery or against the Defendants in their official capacity. (Doc. No. 95 at 10.)

On February 16, 2010, the Court heard oral argument on Defendant Lengel's Motion to Dismiss. Because Plaintiff withdrew his claim against the County of Montgomery and against Defendants Slatowski and O'Malley in their official capacity, there was no cause for oral argument on their respective Motions. On February 17, 2011, the Court issued an Order granting the Motion to Dismiss the Complaint as against the County of Montgomery and Defendants Slatowski and O'Malley in their official capacity and granting leave to Plaintiff to file a Third Amended Complaint. (Doc. No. 101.) On February 22, 2011, Plaintiff filed a Third Amended Complaint (the "Complaint") (Doc. No. 102). On February 25, 2011, Defendant Lengel filed

a Motion to Dismiss the Third Amended Complaint (Doc. No. 104) and Plaintiff filed a Supplemental Response in Opposition to Defendant Lengel's Motion to Dismiss (Doc. No. 103).

### III. SUMMARY OF RELEVANT FACTS[2]

In 2007, Kevin Young was incarcerated in the Montgomery County Correctional Facility in Montgomery County, Pennsylvania (the "MCC").[3] (Doc. No. 90 at 3.) In October 2007, Plaintiff experienced what he described in the Complaint as "severe itching on his body, accompanied by red bumps and painful skin irritation." (Doc. No. 102 ¶ 9.) Plaintiff notified Defendant Slatowski and he was taken to the MCC's medical department. (Id. ¶ 10.) There, Defendant Lengel examined Plaintiff, "observed [Plaintiff's] symptoms," and made a decision not to provide any medical care at that time. (Id. ¶ 11.) Defendant Lengel told Plaintiff that he "complained too much." (Id.) By October 17, 2007, Plaintiff was still experiencing severe itching. (Id. ¶ 13.) He notified Defendant O'Malley and was again taken to the medical department. (Id.) Young was eventually prescribed medication for his skin condition, which he alleges to have been a scabies infection. Plaintiff's condition was cured by December 10, 2007. (Id. ¶ 19.) Plaintiff alleges that he has permanent scarring on his body as a result of the scabies infection. (Id.)

### IV. LEGAL STANDARD

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) has been the subject of recent examination, culminating with the Supreme Court's Opinion in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). After Iqbal it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Applying the principles of Iqbal and Twombly, the

---

[2] This Opinion does not include the facts involving Defendants Slatowski and O'Malley because those facts are not relevant to Defendant Lengel's Motion to Dismiss.

[3] Plaintiff remains incarcerated, but not at the MCC. (Doc. No. 102 ¶ 3.)

Third Circuit in Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010) set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss. 629 F.3d at 130; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (applying the principles of Iqbal and articulating the 12(b)(6) analysis as a two-part test).

Under the test set forth in Santiago v. Warminster Twp., "[f]irst, the court must 'take note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" Santiago, 629 F.3d at 130 (quoting Iqbal, 129 S. Ct. at 1947-50).

Under Iqbal, a complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler, 578 F.3d at 210-11 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950. The "plausibility" determination set forth in Iqbal and adopted by Santiago is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## V. DISCUSSION

Defendant Lengel avers that Plaintiff has failed to plead facts sufficient to show that Defendant Lengel was (1) deliberately indifferent (2) to a serious medical need, which is the required showing in the Third Circuit for an Eighth Amendment claim in the prison litigation context. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (finding that "[o]nly 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs of prisoners'" are proscribed by the Eighth Amendment in the prison litigation context). Following the three-part analysis set forth in Santiago and construing the factual allegations in the

4

Complaint in the light most favorable to Plaintiff, "the well-pleaded facts do not permit the [C]ourt to infer more than a mere possibility of misconduct," and the claims against Defendant Lengel will be dismissed. See Iqbal, 129 S. Ct. at 1950; see also Santiago, 629 F.3d at 130.

In accordance with the first step of the analysis, the elements required to establish an Eighth Amendment violation for failure to provide medical care to a prisoner are (1) deliberate indifference (2) to a serious medical need. See Spruill, 372 F.3d at 235; Liverman v. Gubernik, et al., Case No. 10-1161, 2010 WL 3703314, at *11 (E.D. Pa. Sept. 21, 2010); Devine v. Primecare Med., Inc., Case No. 09-60232010 WL 2853715, at *3 (E.D. Pa. Jul. 19, 2010). Under the second step of the Santiago analysis, the Court must identify Plaintiff's allegations that are no more than conclusions and are therefore not entitled to the assumption of truth. Santiago, 629 F.3d at 130. Here, paragraphs one[4] and twenty-two[5] of Plaintiff's Third Amended Complaint contain only conclusory statements about Defendant Lengel and will not be given the assumption of truth. (Doc. No. 102 ¶¶ 1, 22.) Under the third and final step of the Santiago analysis, the Court must determine if the remaining well-pled facts, entitled to an assumption of truth, "plausibly give rise to an entitlement for relief." Santiago, 629 F.3d at 130.

---

[4] The first paragraph of the Third Amended Complaint states:

> "This case arises from cruel and unusual punishment inflicted upon Kevin Young ("Young") while he was incarcerated in the Montgomery County Correctional Facility in the County of Montgomery, Pennsylvania. On. October 17, 2007, Young was savagely and unjustifiably beaten during an unprovoked attack by two correctional officers. During this time he was also deprived of basic medical treatment for a severe scabies infection, which he sustained as a result of the conditions of his confinement. These actions and omissions by the Facility and its employees constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States constitution."

[5] Paragraph twenty-two of the Third Amended Complaint states:

> "Defendant Nurse Lengel and the medical staff at the Facility were deliberately indifferent to Young's serious medical needs in violation of his Eighth Amendment rights."

A.  Deliberate Indifference

In order to succeed on a claim for an Eighth Amendment violation for failure to provide medical care to a prisoner, a plaintiff must first show deliberate indifference on the part of the defendant. Here, the facts pled by Plaintiff, when construed in the light most favorable to Plaintiff, do not "plausibly give rise" to a finding of deliberate indifference on the part of Defendant Lengel.

To establish deliberate indifference, a plaintiff "must demonstrate that Defendant (1) knew of and disregarded an excessive risk to inmate health or safety or (2) was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that Defendant 'drew that inference.'" Devine v. Primecare Med., Inc., 2010 WL 2853715, at *3 (E.D. Pa. Jul. 19, 2010) (quoting Farmer v. Brennan, 511 U.S. 825, 825 (1994)). Furthermore, "[d]eliberate indifference requires obduracy and wantonness which has been likened to conduct that includes recklessness or conscious disregard of a serious risk." Id. (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

This court has analyzed deliberate indifference in two recent decisions; Liverman v. Gubernick and Devine v. Primecare Med., Inc.. In Liverman v. Gubernik, et al., Case No. 10-1161, 2010 WL 3703314 (E.D. Pa. Sept. 21, 2010), the plaintiff alleged that although he was "seen" by medical personnel on two occasions, he was not "treated." Liverman, 2010 WL 3703314, at *11. This Court held that such an allegation failed to establish that prison officials acted with "deliberate indifference" because the plaintiff failed to allege that prison officials intentionally refused to provide medical treatment. Id. Rather, it showed that the plaintiff was dissatisfied with the treatment received. Id. No constitutional violation arises under those circumstances. Id. (quoting Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) ("'Mere disagreements as to the proper medical treatment' is likewise insufficient to establish a Constitutional violation.")).

In Devine, the plaintiff suffered from leg pain and sought pain medication from the prison nurse.

6

Devine, 2010 WL 2853715, at *4.  Following an evaluation, the nurse declined to provide medication.  Id.
This Court granted the defendant's Motion to Dismiss finding that the plaintiff had not alleged facts sufficient to constitute deliberate indifference.  Id.  "Plaintiff's allegations focus on Defendant's failure to provide him with a requested pain reliever, not on Defendant deliberately ignoring his medical needs."  Id.  The plaintiff in Devine received medical care and he was not satisfied with it.  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law."  Devine 2010 WL 2853715 at *4.

 Here, like Liverman and Devine, Plaintiff has pled only dissatisfaction with the adequacy of treatment he received during his first visit with Defendant Lengel.[6]  Plaintiff does not allege that Defendant Lengel refused to examine him.  He does not allege that Defendant Lengel determined that he had a condition that posed an "excessive risk" to Plaintiff's health and purposefully or recklessly ignored the risk.  Plaintiff has pled only that Defendant Lengel "observed [his] symptoms" and declined to provide treatment at that time.  Observing Plaintiff's symptoms and determining that Plaintiff did not require treatment does not rise to the level of deliberate indifference.  Moreover, even if Defendant Lengel was cavalier in declaring upon the first visit that Plaintiff "complained too much," this does not demonstrate that Defendant Lengel knew of and disregarded an excessive risk to inmate health and safety or that she was "aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that [she] 'drew that inference.'"  Devine, 2010 WL 2853715, at *3.  Plaintiff's Complaint is devoid of any facts showing that Defendant Lengel had knowledge of symptoms that posed an excessive risk to Plaintiff's health or safety.  Although the Court must "assume the[ ] veracity" of the facts pled by Plaintiff, the facts alleged in the Third Amended

---

[6] Plaintiff does not allege that he was not treated.  To the contrary, Plaintiff alleges that he eventually received proper care for his symptoms.  He states in the Complaint that his condition was cured within eight weeks of the first sign of discomfort. (Doc. No. 102 ¶ 19.)

7

Complaint cannot be construed to plausibly give rise to a finding of deliberate indifference. See Santiago, 629 F.3d at 130 (quoting Iqbal, 129 S. Ct. at 1947-50).

B.   Serious Medical Need

In addition to plausibly pleading deliberate indifference, which Plaintiff has failed to do, Plaintiff must show that he had a serious medical need in order to state an Eighth Amendment claim for failure to provide medical care to a prisoner. The allegations fall short on this element as well. The facts pled by Plaintiff, when construed in the light most favorable to Plaintiff, do not plausibly give rise to a finding of serious medical need.

A medical need is serious "if it is 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Lanzaro, 834 F.2d at 346; see also Devine, 2010 WL 2853715, at *3. Moreover, the need for care must be such that "a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." Tsakona v. Cicchi, 308 Fed. App'x 628, 632 (3d Cir. 2009). In Tsakona, the Third Circuit specifically found that skin conditions including "eczema of the feet, seborrhea of the scalp, [and] athlete's foot" are not serious medical needs for the purpose of a prisoner's Eighth Amendment right to medical treatment. Tsakona, 308 Fed. App'x at 632. Further, at least one court has definitively held that scabies is not a serious medical need. See Allen v. Gaskins, Case No. 08-1338, 2010 WL 1010014, at *3 (D.S.C. Feb. 18, 2010).

Despite Tsakona, Plaintiff relies heavily upon Monmouth County, 834 F. 2d at 347, for the proposition that a medical need is serious "if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." (Doc. No. 103 at 4.) Plaintiff alleges that he has pled sufficient facts to meet this standard. (Doc. No. 103 at 5, citing Doc. No. 102 ¶¶ 9-10, 12, 19.) Plaintiff's argument on this point is not persuasive. Plaintiff does not allege that the symptoms he presented to Defendant Lengel were immediately diagnosed as

8

needing treatment. He alleges only that at some point after his visit to Defendant Lengel in October 2007 and before December 10, 2007 when he was ultimately cured, he was diagnosed with scabies. (Doc. No. 102 ¶¶ 12,13,19.) In fact, Plaintiff has pled that his symptoms were diagnosed by a nurse as *not* requiring treatment. There are no facts alleged in the Complaint that indicate that Plaintiff was seen by a physician at all. The Complaint is devoid of facts about who diagnosed Plaintiff with scabies and what symptoms Plaintiff was displaying at the time of such diagnosis.

Plaintiff also does not allege that a lay person viewed his symptoms and recognized the need for medical attention. Plaintiff alleges that he "notified Defendant Slatowski that he was in need of medical treatment, whereupon he was taken to the Facility's medical department." (Id. ¶ 10.) There is no indication that Defendant Slatowski brought Plaintiff to the medical facility because Defendant Slatowski, as a layperson, recognized the need for a doctor's attention. The crux of the facts pled are that Plaintiff sought medical attention and it was provided to him.

Plaintiff's reliance upon Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) is misplaced. In that case, the Third Circuit held that there are several scenarios that satisfy the deliberate indifference standard, and the one most relevant in that particular instance was the denial of medical treatment "that exposes the inmate to undue suffering or threat of tangible residual injury." Spruill, 372 F.3d at 235. The defendant in that case suffered from a serious back condition that required significant and continuous medication and which caused him excruciating pain. Id. at 235-36. Moreover, without proper treatment, that defendant collapsed because of the pain in his back on at least two occasions within a short time period, exposing him to further injury. Id. at 236. In light of Spruill, Plaintiff alleges that he has adequately pled that he was exposed to "undue suffering" because he experienced severe itching and painful skin irritation and that he suffered from a tangible residual injury because the scabies infection left him with "permanent scaring on his body." (Doc No. 102 ¶¶ 9, 10, 19.) These facts are not comparable to those of Spruill. There, the holding was fact

9

specific and related to the particular and intense back injuries suffered by that plaintiff. The back injury that, left untreated, caused the defendant in Spruill to fall down in excruciating pain and required the plaintiff to take sustained and serious medication is not analogous to Plaintiff's allegation of skin irritation and scarring on his body. Moreover, as stated *supra*, the Third Circuit has determined that skin irritations do not rise to the level of a serious medical condition. See Tsakona, 308 Fed. App'x at 632.

Consequently, the facts pled in Plaintiff's Complaint do not show that Plaintiff suffered from a medical condition serious enough to trigger an Eighth Amendment violation and entitlement to relief.

## VI. CONCLUSION

Plaintiff has failed to plead facts that plausibly support an entitlement to relief under the Eighth Amendment. Plaintiff has not plausibly pled that Defendant Lengel was deliberately indifferent to Plaintiff's medical needs, or that he suffered from a serious medical need. The Court will grant Defendant Nurse Marjorie Lengel's Motion to Dismiss Plaintiff's Third Amended Complaint and dismiss her as a defendant in this case.

An appropriate Order follows.